UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY LAMAR CARD,

                          Plaintiff,

          v.

PIERCE COUNTY SHERIFF'S
DEPARTMENT et al.,

                          Defendant(s).

CASE NO. 3:24-cv-05837-TL

ORDER DISMISSING COMPLAINT
WITHOUT PREJUDICE

          This case arises out of Plaintiff Tony Lamar Card's allegations of unlawful arrest and

detention. This matter is before the Court on its own motion. Having reviewed Plaintiff's

proposed complaint (Dkt. No. 1-1), the Court finds that Plaintiff has failed to state a claim upon

which relief may be granted and therefore DISMISSES WITHOUT PREJUDICE Plaintiff's complaint,

with leave to file an amended complaint.

          On September 24, 2024, Plaintiff filed an application to proceed *in forma pauperis*

("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP was granted, but U.S. Magistrate

1   Judge Grady J. Leupold recommended review under 28 U.S.C. § 1915(e)(2)(B) before issuance

2   of a summons. Dkt. No. 4.

3         The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute,

4   the Court must dismiss a case if the IFP plaintiff fails to state a claim upon which relief may be

5   granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th

6   Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by

7   prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under 28

8   U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil

9   Procedure 12(b)(6)." *Day v. Florida*, No. C14-378, 2014 WL 1412302, at *4 (W.D. Wash. Apr.

10  10, 2014) (citing *Lopez*, 203 F.3d at 1129).

11        Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all

12  reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th

13  Cir. 2007). However, a plaintiff still must provide sufficient factual details in the complaint to

14  "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

15  570 (2007). To state a plausible claim for relief in federal court, a plaintiff must "plead[] factual

16  content that allows the court to draw the reasonable inference that the defendant is liable for the

17  misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, "[t]hreadbare recitals of

18  the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.*

19        Where a plaintiff proceeds *pro se* (without an attorney), courts must construe the

20  complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing

21  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply

22  essential elements of the [*pro se*] claim that were not initially pled." *See, e.g., Henderson v.*

23  *Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation

24  and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D.

1    Wash. 2019) ("[C]ourts should not have to serve as advocates for *pro se* litigants.") (quoting *Noll*

2    *v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

3         Here, Plaintiff's proposed complaint lacks sufficient factual detail to plausibly state a

4    claim. Plaintiff's statement of claim asserts, in its entirety: "Gabriel Bol and Shaun Darby

5    unlawfully and maliciously arrested me May 15th 2023 without a warrant or affidavit of cause

6    signed under penalty of perjury. I have requested multiple times without seeing. I was held in jail

7    for 2 weeks." Dkt. No. 1-1 at 5. With respect to subject matter jurisdiction, Plaintiff asserts

8    federal-question jurisdiction under 28 U.S.C. § 1331, but Plaintiff's claim as to the specific

9    statutory or constitutional provisions allegedly at issue is not clear. Plaintiff lists three seemingly

10   unrelated federal cases—*Marbury v. Madison*, 5 U.S. 137 (1803), *Jarkesy v. Sec. & Exch.*

11   *Comm'n*, 803 F.3d 9 (D.C. Cir. 2015), and *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council*, 467

12   U.S. 837 (1984)—and asserts that "The constitution's [*sic*] must be followed." Dkt. No. 1-1 at 3.

13        The Court finds that Plaintiff's statement of claim is a conclusory statement regarding an

14   allegedly unlawful arrest, which is insufficient to state a claim. Moreover, because Plaintiff has

15   not stated which federal statute(s) or constitutional provision(s) might have been violated by the

16   purported arrest, the Court cannot determine what the required elements of Plaintiff's claim

17   are—or whether the proposed complaint might recite sufficient information to establish them.

18        Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal.

19   *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court will therefore grant Plaintiff

20   leave to file an amended complaint in this case that sufficiently "pleads factual content," *Iqbal*,

21   556 U.S. at 672, to state a plausible claim for relief. If Plaintiff fails to file an amended complaint

22   by the deadline, or if the amended complaint fails to state a plausible claim for relief, the Court

23   will dismiss this case in its entirety.

24   //

1       Accordingly, the Court ORDERS as follows:

2       This case is DISMISSED without prejudice. However, the Court GRANTS Plaintiff leave to

3 amend the complaint within **thirty-one (31) days** of this Order. Therefore, any amended

4 complaint is due by **November 4, 2024.**

5

6       Dated this 4th day of October 2024.

7

8                    Tana Lin
                    United States District Judge