UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY LAMAR CARD,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>PIERCE COUNTY SHERIFF'S DEPARTMENT et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:24-cv-05837-TL<br><br>ORDER OF DISMISSAL WITHOUT PREJUDICE |

On September 24, 2024, Plaintiff filed a Proposed Complaint and an Application to Proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. Nos. 1, 1-1. On October 3, 2024, U.S. Magistrate Judge Grady J. Leupold granted Plaintiff's IFP application, but recommended that this Court review the Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) before issuance of a summons. Dkt. No. 4.

On October 4, 2024, this Court reviewed the complaint. Dkt. No. 6. Upon review, the Court found that Plaintiff's complaint was deficient because, pursuant to Federal Rule of Civil Procedure 8, Plaintiff had failed to state a claim upon which relief may be granted. Specifically,

the Court explained that "Plaintiff's statement of claim is a conclusory statement regarding an allegedly unlawful arrest." *Id.* at 3. "Moreover," the Court found, "Plaintiff [did] not state[] which federal statute(s) or constitutional provision(s) might have been violated by the purported arrest,"[1] and the Court could not "determine what the required elements of Plaintiff's claim" might be. *Id.* While dismissing Plaintiff's claim(s), the Court gave Plaintiff leave to file an amended complaint to cure the deficiencies, with a deadline of November 4, 2024. *Id.* at 4. But the Court cautioned that, "[i]f Plaintiff fails to file an amended complaint by the deadline, or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety." *Id.* at 3.

Prior to the due date for filing an amended complaint, Plaintiff filed four documents with the Court, outlining his grievances against several individuals and entities (*i.e.*, federal officials, state officials, some other individuals, and All City Bail Bonds), and including potential accusations of "treason" on the part of these individuals and entities. *See* Dkt. Nos. 7, 7-1, 8, 9. Two of these documents, respectively docketed as "Affidavit of Truth," and "Notice to the Court," include a recitation of facts in numbered paragraphs, which Plaintiff asserts are in compliance with Federal Rules of Civil Procedure 8 and 10 and relate to Plaintiff's allegations of unlawful arrest and kidnapping. *See* Dkt. No. 7 at 2–4, Dkt. No. 9 at 8–10.

But none of the additional documents, totaling nearly 400 pages in the aggregate, can be construed as an amended complaint, because none of them contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Further, the same

---

[1] The five statutes that Plaintiff provides in his Civil Cover Sheet as "causes of action" cannot form the basis of a civil complaint. Four of them—18 U.S.C. §§ 241, 242, 1018, and 2381—are criminal provisions that provide no basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The fifth—28 U.S.C. § 1691—states in its entirety that, "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof," and does not provide for a private right of action. That is, a private individual cannot sue to enforce this statute.

ORDER OF DISMISSAL WITHOUT PREJUDICE - 2

documents were filed in at least four other cases in this District, including: *Card v. Pierce County Sheriff's Department*, No. C24-5814; *Card v. Owens*, No. C24-5839; *Card v. All City Bail Bonds*, No. C24-5802; and *Card v. Hillman*, No. C24-5764. A complaint is supposed to set out the claims against the specific defendants in the case—that is, a complaint must clearly and specifically explain how each defendant in that particular case allegedly harmed the plaintiff. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see, e.g.*, *Theriot v. Pierce Cnty. Gov't Officers*, No. C10-5696, 2010 WL 5394812, at *1 (W.D. Wash. Dec. 27, 2010). The only defendants in this case are the Pierce County Sheriff's Department and two Pierce County Deputies, Gabriel Bol and Shaun Darby. Yet there are several other individuals named in the documents that Plaintiff filed in this case. *See, e.g.*, Dkt. No. 7 at 2–3. It appears that Plaintiff is attempting to address multiple cases in the same filing, as though the complained-of conduct in any one of Plaintiff's cases necessarily implicates the complained-of conduct in another, simply by dint of the fact of Plaintiff's involvement. This is simply not permitted. *See, e.g.*, *Rouse v. Hansen*, No. C24-5068, 2024 WL 1643277, at *6 (W.D. Wash. Mar. 25, 2024) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits.")); *Belmonte v. King Cnty,*, No. C24-518, 2024 WL 2864086, at *3 (W.D. Wash. June 6, 2024) (same).

Finally, none of the documents describes, or shows cause, why the Complaint (Dkt. No. 5) should not be dismissed, as none provides sufficient facts to support a claim for relief or a cognizable legal theory. *See* Dkt. Nos. 7, 7-1, 8, 9; *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal [of a complaint] can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."). Plaintiff is required to state which federal statute(s) or constitutional provision(s) he

ORDER OF DISMISSAL WITHOUT PREJUDICE - 3

believes were violated and then provide allegations as to what each defendant named *in this case* allegedly did in violation of those statute(s) or provision(s). Plaintiff has failed to do this.

The date for filing an amended complaint has now passed, and Plaintiff has failed to comply with the Court's October 4, 2024, Order.

Accordingly, the Court ORDERS:

(1) This case is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

(2) The Clerk SHALL enter judgment and close this case.

Dated this 11th day of December 2024.

Tana Lin
United States District Judge